(41 Misc. Rep. 131.)

## In re COFFIN.

(Supreme Court, Special Term, New York County.   June, 1903.)

1. INCOMPETENT PERSONS—APPOINTMENT OF COMMISSION—NOTICE TO INCOMPETENT.

   In proceedings to have a commission appointed for an alleged incompetent on the ground of habitual intoxication, where there is a dispute as to his habits and condition, the commission should not be appointed except on notice to the alleged incompetent.

Application to vacate an order and commission of inquiry as to Daniel M. Coffin, an alleged incompetent. Motion granted.

M. B. & A. M. Maclay (Charles I. McBurney, of counsel), for the motion.

Blatchford & Sherman (Daniel D. Sherman, of counsel), opposed.

GIEGERICH, J. This motion is made to vacate and set aside an order and commission to inquire into the condition of the applicant, who is alleged to be incompetent, by reason of habitual drunkenness, to manage himself or his affairs. The motion is based upon the ground that the alleged incompetent was not served with notice that a petition was to be presented for such order and commission. It is not claimed on either side that there is any statutory provision on the point; but the applicant's attorneys earnestly insist, among other things, that he is entitled to be heard upon the presentation of the petition, and to advance reasons to the court why the question of his competency should be tried by a jury at a trial term of the court, instead of before commissioners and a sheriff's jury; section 2327 of the Code of Civil Procedure permitting either method. In a case of this kind, where there is a dispute as to the habits and condition of the alleged drunkard, I think it decidedly the safer course that notice of the institution of the proceeding be served upon him, in order that he may have an opportunity to be heard at every step. On behalf of the petitioner it is charged that the motion is made for delay, simply. That objection seems to have little force. If an immediate conclusion is urgently necessary, no reason is apparent why the application should not be brought on by an order to show cause, and be based upon the petition and affidavits already on file. Motion granted. No costs. One day's notice of settlement will be sufficient.

Motion granted, no costs.

¶ 1. See Drunkards, vol. 17, Cent. Dig. § 2.